*38 OPINION.
Murdock :
There is but one issue before the Board in this case and that is one of fact involving the amount of the depreciation allowance to which the petitioner is entitled for the taxable year in question. The statute allows to taxpayers a reasonable allowance for exhaustion, wear and tear, and it has been the practice of the Commissioner in determining this allowance on buildings to estimate the life of the particular building in question and to spread the deduction for depreciation evenly over the period of such estimated life.
The petitioner contends that if at the time of incorporation it was determined by reason of the high cost of maintenance or the imminence of removal that the useful life of the property would be shortened, the portion of the cost or other basis of the property *39 not already provided should be spread over the remaining useful life as reestimated in the light of the subsequent facts. At the time of the trial of the case the building in question was still in use. The estimated life had in fact been exceeded at the date of the trial. Nor does the record show facts occurring between the acquisition of the property by the taxpayer and the date of trial which would tend to accelerate depreciation. We are therefore forced to the conclusion that 'the petitioner had incorrectly estimated its life. While it might have been possible to show that although the petitioner’s allowance for depreciation in the taxable year was excessive, the Commissioner’s allowance was not adequate, no evidence was adduced to show that such was the case, and in the absence of such showing the determination of the Commissioner must be affirmed-.

Judgment will be entered for the respondent.